## Cribben, Sexton & Co. v. James Hicks, Assignee.

1. TRIALS BY THE COURT—*When Conclusive.*—The findings and judgment of a trial court, trying a cause without a jury, are conclusive.

Voluntary Assignment Proceedings.—Appeal from the County Court of Piatt County; the Hon. F. M. SHONKWILER, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

W. E. LODGE, attorney for appellants.

M. R. DAVIDSON, attorney for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

On June 29, 1896, appellants, by their salesman, Smith, sold to David Walker, a merchant at Monticello, Piatt county, Illinois, a lot of stoves, which were delivered to him at his town on August 11, 1896. On August 26, 1896, David Walker assigned to appellee for the benefit of his creditors. After said assignment, and after appellee, as such assignee, had taken possession of the stoves in question in this case, being the same stoves sold by appellants to said Walker, appellants presented to the County Court of Piatt County their petition for an order of that court on appellee, as assignee of David Walker, to surrender said stoves to them on the ground that Walker, by false and fraudulent statements and representations in regard to his worth, commercial standing, assets and liabilities, made to the salesman of appellants at the time of the sale, had procured them to sell and deliver said stoves to him a short time before he made said assignment; and upon appellants discovering the falsity of said statement and representations, they had elected to rescind said sale and retake said stoves.

Upon said petition of appellants being heard by the County Court, the salesman of appellant, who sold said stoves to

Walker, and Walker, were witnesses and testified, and it appears they were the only persons present when said sale was made. They differ materially as to what was said when the stoves in question were purchased by Walker, and if we are to believe Walker's version of what took place, then appellants have not proven, by a preponderance of the evidence, the material facts of their petition.

The judge of the County Court, who tried this proceeding, saw both Walker and Smith, the salesman of appellants, and having observed their manner while testifying, could better conclude as to which remembered correctly what was said when the stoves were sold. From their evidence in this record we believe the trial judge found in accordance with the truth, and we will not disturb his findings and judgment. The judgment of the County Court of Piatt County in this proceeding is affirmed.